## 62702. ANDERSON v. KING et al.

BIRDSONG, Judge.

The superior court correctly dismissed the proceedings below on the ground of "mootness." The appellant's original petition to partition land, which land was inherited by appellant and defendants-appellees from their mother, was resolved by court order directing that the land be sold for not less than $13,500, that the proceeds be deposited by the administratrix and be subject to any lawful claim or debt properly presented, and that any claims against the estate be made in probate court. The land was sold and a final hearing was set for August 13, 1980. The "petition" filed the day before that hearing by the appellees (and not served on the appellant) was without jurisdictional basis and was improper as it injected into the partition proceeding the probate court decision denying certain claims made by the appellant against the estate. The probate court proceedings involving estate administration and appellant's claim against the estate (which estate was apparently composed entirely of the proceeds of the land sale and which claim sought to take the entire estate), had nothing to do with the superior court proceeding to partition the land. The superior court in the land partition proceeding was without jurisdiction to consider claims against the estate. For this reason, the superior court correctly vacated its August 13, 1980 order wherein it had considered and ruled upon such estate claim matters (Code Ann. § 110-709). The motion for summary judgment of the appellant was without merit as it likewise injected

appellant's estate claims into the partition proceeding. The trial court was correct in dismissing the entire partition proceedings as being moot. The land had been sold and the proceeds paid over to the administratrix, as was directed by the court's partition order in the first place. That is all that was involved in the case. Any claims against the estate were properly in the probate court and must be resolved there and on proper appeal of those proceedings to the superior court; the dismissal of the probate appeal in the superior court's August 13, 1980 order in the partition case was without jurisdiction and void on its face (see Code Ann. §§ 110-701 and 110-709).

We deny the appellees' request for penalties for frivolous appeal (Code Ann. § 6-1801).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 5, 1982.

*Maylon K. London,* for appellant.
*Martin W. Welch, Ben F. Carr,* for appellees.